[No. 2559.  Decided June 9, 1897.]

THE STATE OF WASHINGTON *on the Relation of* FAIR-
HAVEN LAND COMPANY *et al.*, v. NEAL CHEETHAM,
*Auditor of the State of Washington.*

STATE CONTRACT — UNAUTHORIZED PROVISION — ASSIGNMENT OF CLAIMS
UNDER — RIGHT TO WARRANTS.

Under Laws 1895, p. 55, providing for the construction of a
state normal school building and making appropriation therefor,
the contractor and his assignees are, upon completion of the build-
ing, entitled to warrants for the amount due upon the contract
price, though the contract may provide that the contractor must
first show that all debts due for labor and material have been
paid, as, in the absence of such a requirement in the statute, there
is no privity between the state and claimants on account of labor
and material.

The fact that a contractor for the erection of a normal school
building has assigned a portion of the sum due him therefor in
payment of his personal debts, while claims in connection with the
construction of the building remain unpaid, will not justify the
state auditor in refusing to issue warrants in payment of the
orders issued by the contractor.

*Original Application for Mandamus.*

*J. A. Frye, E. S. McCord* and *H. A. Fairchild,* for
relator.

*Thomas M. Vance,* Assistant Attorney General, *Shank
& Smith, Bausman, Kelleher & Emory, O. B. Barbo,* and
*Charles I. Roth,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—The plaintiffs each received orders from
William B. Davey, drawn upon the board of trustees of
the state normal school at New Whatcom, directing the
payment of the amount specified in each order out of the
sum due him upon his contract for the construction of the

state normal school at New Whatcom. It appears from
the contract between Davey and the board of trustees that
eighty per cent. of the contract price should be paid to the
contractor from time to time, as the work progressed, and
upon approximate estimates of the architect of the board,
and upon the order of the board, and that twenty per cent.
should be retained by the trustees until the completion of
the building and its acceptance by the board, and for a
period of thirty days thereafter, at the option of the board;
that the contract was substantially performed by the con-
tractor and on the 21st of January, 1897, the board duly
accepted the building; that the balance retained from the
contractor by the board of trustees is $6,654.86; that these
acts of the board of trustees have been certified by them to
the state auditor.

The plaintiffs presented their respective orders to the
state auditor and demanded that warrants be issued re-
spectively to them according to the terms of the orders.
The auditor declined to issue the warrants, and application
was made by plaintiffs for mandamus to compel their issu-
ance. An alternative writ went from this court to which the
auditor made return, substantially admitting the facts as
stated above, but assigning as reasons for refusal to audit and
issue warrants to plaintiffs that, under the contract entered
into between Davey, the contractor, and the board of trus-
tees of the normal school of New Whatcom, it was pro-
vided, among other things, " that the contractor should
show to the satisfaction of the board of trustees that all
just debts due all laborers and mechanics and material men
and persons who shall supply the contractor with material
or goods of any kind upon the work or in connection with
the construction of the building have been paid," and it
was stated by the auditor that such claims have not been

paid, and they are specified, together with the names of the claimants.

It is admitted that the contractor is insolvent. It is also urged by the auditor that a portion of the amount specified in Davey's orders is used in the payment by the contractor of personal debts, and not those for claims in connection with the construction of the normal school building. The plaintiffs demur to the return of the auditor because it does not state facts sufficient to relieve him from the duty to issue warrants upon the orders of Davey held by them. The cause is heard upon the demurrer. The provision of the contract between Davey and the board of trustees of the normal school, relative to the payment of claims due other persons than the plaintiffs in connection with the construction of the building, does not establish any liability against the fund created by the legislature for the erection of the building. There is no provision in the act of the legislature authorizing such stipulation to be inserted in the contract. There can be no privity here between such claimants and the state. The contract was made under § 3 of the act relating to state normal schools and making appropriation therefor, approved March 7, 1895 (Laws 1895, p. 56). The orders for the issuance of the warrants made by Davey in favor of the respective plaintiffs were filed with the board of trustees of the normal school and each order was an assignment *pro tanto* of the amount due Davey from the fund appropriated by the legislature for the construction of the normal school building, and it was the duty of the state auditor to issue warrants in favor of the holders of these orders, when presented to him. Upon the completion of the contract by Davey and the acceptance of the normal school building by the board of trustees of New Whatcom, he was entitled to the sum then remaining due him from the state, and it is im-

material what he did with his money when it was paid to him; having transferred his claim to others, the same amount is properly due to them.

Attention is also called in the auditor's return to an act of the legislature entitled, "An act for the relief of W. B. Davey, and other creditors of the state normal school at New Whatcom, and making an appropriation therefor," approved March 16, 1897, and it is insisted that it is the duty of the auditor to equitably distribute this latter appropriation, together with the balance due Davey on his contract, among the class of claimants specified in the provision of the contract heretofore mentioned; but the appropriation of the last act of the legislature is something with which the plaintiffs are not concerned. They are entitled to issuance of warrants in their favor and according to the dates of their respective orders for the amounts due them, if said amounts remain due to Davey and unpaid on the contract.

Plaintiffs' demurrer to the return will be sustained and a peremptory writ of mandamus issued in conformity to this opinion.

SCOTT, C. J., and ANDERS, DUNBAR and GORDON, JJ., concur.